UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENETRIC ADAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. DAVIS, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01198-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM AGAINST DEFENDANT DAVIS AND THAT PLAINTIFF'S FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM AGAINST DEFENDANT LOPEZ BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Denetric Adams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on August 25, 2020. (ECF No. 1). The complaint is before this Court for screening.

The Court has reviewed the complaint and finds that the following claim should proceed past the screening stage: Plaintiff's Fourteenth Amendment equal protection claim against defendant Davis. The Court also finds that Plaintiff's Fourteenth Amendment equal

protection claim against defendant Lopez should be dismissed for failure to state a claim.

Accordingly, the Court issues these findings and recommendations to the assigned district judge, recommending that this case proceed on Plaintiff's Fourteenth Amendment equal protection claim against defendant Davis and that Plaintiff's Fourteenth Amendment equal protection claim against defendant Lopez be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a

plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges as follows in his complaint:

The incidents occurred at the Substance Abuse Treatment Facility.

Defendant Davis is a correctional officer. He is responsible for the operation and practices involving the issuance of property to inmates. He is also responsible for ensuring that inmates, including Plaintiff, are provided with their property from approved vendors.

Defendant Lopez is defendant Davis's supervisor.

Plaintiff is of Native American faith, and he embraces its tenets. Plaintiff is entitled to receive and wear his spiritual headgear.

In June of 2019 defendant Davis refused to allow Plaintiff to obtain his religious headgear.

Defendant Davis violated Plaintiff's rights by refusing to provide, and to allow him to wear, his headgear. Defendant Davis is requiring Plaintiff to show him a Native American ID card before he will issue or allow Plaintiff to wear his headgear.

Plaintiff's religion requires him to wear his spiritual items, which are similar to the Jewish, Christian, and Muslim faiths, such as a yarmulke, a cross, and a Kofi, respectively.

Defendant Davis does not ask Jewish, Christian, or Muslim inmates to show an ID card to receive or wear their religious items. There is no rational basis for this disparate treatment. Plaintiff was similarly situated to Jewish, Christian, and Muslim inmates, but was being treated unequally.

Defendant Davis prevented Plaintiff from engaging in his sincerely held spiritual beliefs.

Plaintiff brings a Fourteenth Amendment equal protection claim against defendants Davis and Lopez.

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Fourteenth Amendment Equal Protection Clause

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir.

1   2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated
2   against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123
3   Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton
4   v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250
5   F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated
6   differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon
7   Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S.
8   562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North
9   Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

10       Plaintiff alleges that he is of Native American faith. Plaintiff's religion requires him to
11  wear his spiritual items that are similar to the Jewish, Christian, and Muslim faiths, such as a
12  yarmulke, a cross, and a Kofi. Defendant Davis would not issue Plaintiff his religious headgear
13  or allow Plaintiff to wear his religious headgear unless Plaintiff showed him a Native American
14  ID card. However, defendant Davis does not ask Jewish, Christian, or Muslim inmates to show
15  an ID card to receive or wear their religious items. There is no rational basis for this disparate
16  treatment. Plaintiff was similarly situated to Jewish, Christian, and Muslim inmates, but was
17  being treated unequally.

18       Based on the allegations in the complaint, the Court finds that Plaintiff's Fourteenth
19  Amendment equal protection claim against defendant Davis should proceed past screening.

20       As to defendant Lopez, there are no facts in the complaint suggesting that defendant
21  Lopez had anything to do with the alleged violation. Plaintiff's only allegation against
22  defendant Lopez is that he is defendant Davis's supervisor, but as discussed above, supervisory
23  personnel are not liable under section 1983 for the actions of their employees under a theory
24  of *respondeat superior*. Accordingly, Plaintiff has failed to state a claim against defendant
25  Lopez.

26       **IV.   CONCLUSION AND RECOMMENDATIONS**

27       The Court has screened the complaint and finds that Plaintiff's Fourteenth Amendment
28  equal protection claim against defendant Davis should proceed past screening. The Court also

finds that Plaintiff's complaint fails to state a claim against defendant Lopez.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's Fourteenth Amendment equal protection claim against defendant Davis; and

2. Plaintiff's Fourteenth Amendment equal protection claim against defendant Lopez be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **October 19, 2020**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE